The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except for the additions of Finding of Fact #18 and Conclusions of Law #6, and an amendment to Award #5.
* * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act and the employment relationship existed between the parties on April 27, 1995.
2. The defendant was a duly qualified self-insured with G.A.B. Business Services, Inc., as the servicing agent.
3. The plaintiff's average weekly wage was sufficient to yield the maximum compensation rate of $478.00 per week.
4. The issues for determination are:
 a. Whether the plaintiff suffered a specific traumatic incident on or about April 27, 1995, in and during the course of his employment with the defendant, and if so, to what benefits may he be entitled.
 b. Whether the plaintiff is entitled to an award of attorney's fees as a penalty for defendant's denial of this claim.
5. The parties stipulated the following documents into evidence:
 a. Medical Records of Prime Care, Dr. Thomas Spangler, Dr. William Brady, Dr. William Brown, Forsyth Memorial Hospital, and N.C. Baptist Hospital;
b. Defendant's Answers to Interrogatories;
c. Plaintiff's Answers to Interrogatories;
d. Plaintiff's Recorded Statement;
e. Statement of Dixie Billings; and
f. I.C. Forms 18, 19, 61, 33, and 33R.
* * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner with the addition of Finding of Fact #18 as follows:
FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a thirty-three year old male who had been employed by defendant as a truck driver since September 26, 1983. Plaintiff's truck is a sixty-five foot trailer that is used to haul eight to ten vehicles.
2. The plaintiff's duties involve driving cars to the loading area, driving them onto the trailer, and attaching four chains to each vehicle.
3. On April 27, 1995, the plaintiff drove four pick-up trucks to the loading area. He drove a new truck onto the head rack, which is over the cab of his truck-tractor. The plaintiff climbed up the fold-out steps on the front of the rig; and while using the ratchet bar to tighten down the chain, his left foot slipped, and he caught himself with his left hand. The plaintiff landed on his feet.
4. The plaintiff did not report this incident to yard supervisor J.C. Johnson before he left the area. He was reluctant to report the injury due to defendant's safety incentive award program.
5. The plaintiff performed his regular deliveries on April 27, 1995, and worked at his normal job on April 28, 1995.
6. On the evening of April 28, 1995, the plaintiff reported to safety manager Tim Thomas and terminal manager Bob Daniele that he had injured his shoulder and neck; and he did not believe he could bowl in their tournament on Saturday. However, the plaintiff did not relate the injury to his work.
7. It was the practice at the defendant-employer's for employees to report all injuries to Dixie Billings, the secretary.
8. The plaintiff worked on Saturday morning, and then bowled in the tournament. After working on Monday, May 1, 1995, the plaintiff went to Ms. Billings' office at about 3:15 p.m., to report the injury at work. Ms. Billings gave the plaintiff forms to complete which he prepared and submitted to Tommy Hendrix, his supervisor.
9. The plaintiff was seen by Dr. Jolly at Prime Care on May 1, 1995, where the plaintiff reported injuring himself while pulling on a ratchet bar. Dr. Jolly placed plaintiff on light duty work.
10. On May 5, 1995, the plaintiff gave a recorded statement to Cindy Decess with GAB Business Services, Inc., at which time he stated that he lost his footing while tying down a vehicle and pulled his left arm, with which he was holding the ratchet bar.
11. On May 15, 1995, the plaintiff was seen by Dr. Thomas Spangler, an orthopedist, upon referral by Dr. Jolly. An MRI showed degenerative changes and a left-sided ruptured disc at C5-6, with a narrowing of the nerve outlet at C5-6 and C6-7.
12. Dr. Spangler referred plaintiff to neurosurgeon Dr. William Brown, who performed a cervical hemilaminectomy at C5-6 and C6-7 on July 12, 1995.
13. On September 21, 1995, Dr. Brown released the plaintiff to return to work.
14. Dr. Brown has rated the plaintiff as retaining a ten percent permanent partial impairment to the back, as evidenced by the I.C. Form 25R, which was received on May 21, 1996.
15. The plaintiff was disabled from work as a result of the injury to his neck from May 2, 1995 through September 24, 1905, and December 11, 1995 through December 14, 1995.
16. The defendant was not prejudiced by plaintiff's five-day delay in reporting the injury, as he did not seek medical care and was not out of work until after he reported the injury on May 1, 1995.
17. The defendant defended this claim without reasonable ground.
18. The defendant appealed the Opinion and Award which awarded benefits and medical expenses to the plaintiff, which the Full Commission herein affirms.
* * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The plaintiff sustained an injury to his cervical spine arising out of and in the course of his employment and is the direct result of a specific traumatic incident of the work assigned. N.C. Gen. Stat. § 97-2(6).
2. As a result of the compensable injury, the plaintiff is entitled to have the defendant pay temporary total disability compensation at the rate of $478.00 per week for twenty-one and four-sevenths weeks. N.C. Gen. Stat. § 97-29.
3. As a result of the compensable injury, the plaintiff is entitled to thirty weeks of compensation due to the ten percent permanent partial disability to his back. N.C. Gen. Stat. §97-31(23).
4. The plaintiff is entitled to have defendant pay medical expenses incurred as a result of the compensable injury. N.C. Gen. Stat. § 97-2(19).
5. As a result of the defense of this claim upon unreasonable ground, the plaintiff is entitled to have the defendant pay $6,200.00 as reasonable attorney's fees. N.C. Gen. Stat. §97-88.1.
6. As a result of the defendant appealing the Opinion and Award which awarded benefits and medical expenses to the plaintiff and which the Full Commission herein affirms, it is appropriate that the defendant pay attorney fees on the appeal for plaintiff's counsel. N.C. Gen. Stat. § 97-88.
* * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following with an amendment to Award #5:
AWARD
1. The defendant shall pay temporary total disability compensation to the plaintiff in a lump sum for twenty-one and four-sevenths weeks at the rate of $478.00 per week.
2. The defendant shall pay to plaintiff in a lump sum thirty weeks of permanent partial disability compensation at the rate of $478.00 per week.
3. The defendant shall pay directly to plaintiff's counsel the sum of $6,200.00 as reasonable attorney's fees, due to defendant's unreasonable defense of this claim.
4. The defendant shall pay medical expenses incurred as a result of the compensable injury.
5. The defendants shall pay the costs, including $750.00 for plaintiff's counsel for services rendered on the appeal.
This is the 10th day of April, 1997
 S/ _________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ _______________ THOMAS J. BOLCH COMMISSIONER
S/ _______________ COY M. VANCE COMMISSIONER
DCS:jmf